UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| EDUARDO LICON, | ) | |
| | ) | |
| Petitioner, | ) | 2:09-cv-00720-RCJ-PAL |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| DIRECTOR, NDOC, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is respondents' motion to dismiss the petition. (Docket #8).

**I. Procedural History**

A second amended criminal complaint was filed on July 23, 2000, charging petitioner with three counts of sexual assault, two counts of open or gross lewdness, one county of robbery of a victim 65 years of age or older, two counts of possession of stolen property, and one count of larceny. (Exhibit 1).[1] On October 22, 2003, petitioner filed a motion in justice court to disqualify the Clark County District Attorney's Office from the case due to an alleged conflict of interest. (Exhibit 2). On October 22, 2003, the motion to disqualify was denied, and petitioner waived his right to a preliminary hearing. (Exhibit 3).

---

[1] The exhibits referenced in this order are found in the Court's record at Docket #8.

An information reflecting potential negotiation of the charges was filed on October 29, 2003. (Exhibit 5). Another negotiation was later reached, which petitioner accepted. On April 29, 2005, a guilty plea agreement was entered by petitioner. (Exhibit 7). In the plea agreement, petitioner agreed to make an *Alford* plea to two counts of possession of stolen property and one count of attempted sexual assault. (Exhibit 7). Instead of three counts of sexual assault, each carrying a life sentence, petitioner faced one county of attempted sexual assault with a maximum sentence of twenty years in prison. (Exhibit 7, at p. 2). Petitioner was further advised in the plea agreement that, due to the sexually motivated nature of his offense, he would face a penalty of "lifetime supervision" upon release from prison. (Exhibit 7, at p. 3). A second amended information setting forth the revised charges was filed on April 29, 2005. (Exhibit 8).

On June 29, 2005, petitioner was to appear for sentencing. Instead, his attorney informed the court that petitioner wanted to withdraw his guilty plea. On July 6, 2005, petitioner filed his motion to withdraw guilty plea.

On July 13, 2005, the Court determined that petitioner's plea was knowingly and voluntarily entered, specifically finding that the request to withdraw the plea followed a negative sentencing report, that petitioner was informed of his constitutional rights when the plea was entered, and that the plea was entered to avoid a harsher sentence if convicted at trial. (Exhibit 12, at p. 5). The Court proceeded with the sentencing hearing. (Exhibit 12). As reflected in the judgment of conviction filed on July 21, 2005, petitioner was sentenced to the following terms in prison: On Count I, 12-32 months, on Count II, 12-30 months, and on Count III, 36-150 months. Counts I, II, and III ran concurrently. (Exhibit 13).

On August 22, 2005, through counsel, petitioner filed a notice of appeal. (Exhibit 14). On November 16, 2005, petitioner, through counsel, filed a notice to withdraw the appeal. (Exhibit 15). The notice indicates that petitioner was "informed of the legal effects and consequences of voluntarily withdrawing this appeal" and that "any issues that were or could have been brought in

1 | this appeal are forever waived." (Exhibit 15, at p. 1).  On January 11, 2006, the Nevada Supreme
2 | Court dismissed the direct appeal.  (Exhibit 15a).
3 |      On May 9, 2006, petitioner filed a *pro per* post-conviction habeas petition in the state district
4 | court. (Exhibit 16).  On the same date, petitioner filed a *pro per* motion to disqualify the District
5 | Attorney's office, similar to his previous motion filed in justice court. (Exhibit 17).  On June 1,
6 | 2006, petitioner filed a "Notice that Office of the D.A. is Specifically Disqualified from this Habeas
7 | Proceeding." (Exhibit 18).  Petitioner also filed several affidavits of witnesses who claimed that he
8 | wanted to file a direct appeal. (Exhibits 19-22).  On August 25, 2006, petitioner filed an additional
9 | notice concerning disqualification of the district attorney. (Exhibit 26).  The trial court then
10 | appointed counsel to represent petitioner in his state habeas proceedings.
11 |      Petitioner's counsel filed a supplemental brief in support of the state habeas petition on
12 | March 30, 2007. (Exhibit 28).  An evidentiary hearing was held on September 10, 2007.  (Exhibit
13 | 30).  Following that hearing, an order was entered by the state district court denying relief on all of
14 | the claims in the habeas petition. (Exhibit 31).  On January 31, 2008, petitioner filed a *pro per*
15 | document in the state district court entitled "Judicial Notice." (Exhibit 33).  On January 14, 2008,
16 | through counsel, petitioner filed a timely notice of appeal. (Exhibit 32).  On May 1, 2008,
17 | petitioner's counsel filed an opening brief with the Nevada Supreme Court. (Exhibit 34).  The issues
18 | raised were: (1) that trial counsel was ineffective for failing to appeal the denial of petitioner's
19 | motion to withdraw his guilty plea; (2) that petitioner was denied his right to appeal the denial of his
20 | motion to withdraw guilty plea; and (3) that trial counsel was ineffective for failing to investigate.
21 | (Exhibit 34).  The State filed a response on May 23, 2008. (Exhibit 35).  On February 27, 2009, the
22 | Nevada Supreme Court issued its order of affirmance. (Exhibit 36).
23 | **II. Discussion**
24 |      Respondents argue that Grounds 3, 4, and 5 of the petition are unexhausted and that Ground 1
25 | of the petition fails to state a claim for habeas relief.
26 |

3

**A. Exhaustion Standard**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at

the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

**B. Grounds 3, 4, and 5**

The petition contains 5 grounds for relief. Respondents argue that Grounds 3, 4, and 5 have not been exhausted.

In Ground 3, petitioner contends that the Clark County District Attorney's Office had a conflict of interest that should have precluded that office from his criminal proceedings. (Petition, Docket #1, at p. 7). In Ground 4, petitioner alleges that he was not properly advised of as to what "lifetime supervision" entailed. (Petition, at p. 9). In Ground 5, petitioner alleges that his sentence was improperly enhanced with "lifetime supervision." (*Id.*). None of these issues were presented to the Nevada Supreme Court in petitioner's appeal from the denial of his state habeas petition. (Exhibit 34, Opening Brief). As such, Grounds 3, 4, and 5 are unexhausted.

**C. Ground 1**

Ground 1 of the petition states that petitioner's First, Sixth, and Fourteenth Amendment right to "a direct appeal, appointed/appellate counsel Gregory Denue, Esq. failed to file my requested appeal, numerous verified witness affidavits are on file proving I requested counsel to appeal." (Petition, at p. 3). Respondents argue that Ground 1 is vague and should be dismissed for failure to state a claim. The court may dismiss a petition that, on its face, fails to state a claim as a matter of law. *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983). To establish prejudice, petitioner must allege and show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668 (1984). Petitioner cannot satisfy his burden to demonstrate ineffective assistance of counsel without showing how the result of the proceeding would have been different but for the alleged errors of counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). In the instant

case, petitioner states that counsel failed to file his requested appeal, but he does not allege what issues he would have appealed had an appeal been filed, or how the outcome of the proceedings would have been different. Ground 1 fails to state a cognizable claim for ineffective assistance of counsel.

### D. Request for Stay and Abeyance

In petitioner's opposition to the instant motion, he asks this Court to allow him to return to state court to exhaust his unexhausted claims. (Docket #11). The Court construes this as a motion for issuance of a stay and abeyance under *Rhines v. Weber*, so that petitioner might return to state court to exhaust the unexhausted grounds of his habeas petition.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277. The Court went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

In the instant case, this Court finds that petitioner has not demonstrated good cause under *Rhines* for the failure to exhaust Grounds 3, 4, and 5 of his federal habeas petition. Petitioner was assisted by an attorney during the time in which he could have filed

a direct appeal, and for most of the time his state habeas petition was pending. This negates petitioner's personal lack of understanding of the law as a factor. Petitioner has not shown good cause for why he failed to raise the unexhausted grounds at some point prior, during the state proceedings. Petitioner has failed to demonstrate good cause under *Rhines* for a stay and abeyance to exhaust his previously unexhausted grounds.

**III. Certificate of Appealability**

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with any appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

**IV.  Conclusion**

      **IT IS THEREFORE ORDERED** that respondents' motion to dismiss (Docket #8) is **GRANTED**.

      **IT IS FURTHER ORDERED** that petitioner's request for a stay and abeyance is **DENIED.**

      **IT IS FURTHER ORDERED** that the federal petition is **DISMISSED.**

      **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

      **IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

      DATED:  This 30th day of April, 2010.

                                        UNITED STATES DISTRICT JUDGE