UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EDUARDO LICON, | ) |
| Petitioner, | ) 2:09-cv-00720-RCJ-PAL |
| v. | ) ORDER |
| DIRECTOR, NDOC, *et al.*, | ) |
| Respondents. | ) |

This case arises out of a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by a Nevada state prisoner and subsequently denied by order of this Court. Pending before the Court is Petitioner's Motion for Reconsideration (ECF No. 16). For the reasons given herein, the Court denies the motion for reconsideration.

I.   **FACTS AND PROCEDURAL HISTORY**

Petitioner Eduardo Licon ("Petitioner") filed a petition for writ of habeas corpus to this Court on April 22, 2009 (Pet. for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (Not Sentenced to Death), ECF No. 1) after the Nevada Supreme Court affirmed denial of Petitioner's post-conviction state habeas petition.[1] (Order of Affirmance, ECF No. 8-12 at 27–30). Respondents in the action are the Director of Nevada Department of Corrections and the Attorney General of the State of Nevada ("Respondents"). (ECF No. 1 at 1).

---

[1] A more detailed statement of facts describing the events leading up to the petition for writ of habeas corpus to this Court may be found at (ECF No. 14 at 1–3).

1

The habeas petition contained five grounds for relief. *See* (ECF No. 1). Ground 1 of the petition stated that Petitioner's right to a direct appeal, appointed/appellate counsel and effective trial counsel were violated by reason that attorney Gregory Denue failed to file a requested appeal. *Id.* at 3. Ground 2 stated that Petitioner's right to enter a voluntary plea and right to effective counsel were violated due to Mr. Denue's refusal to investigate evidence and offering only a plea option to Petitioner. *Id.* at 5. In Ground 3, Petitioner contended that the Clark County District Attorney's Office had a conflict of interest that should have precluded that office from prosecuting Petitioner's criminal proceedings. *Id.* at 7. In Ground 4, petitioner alleged that he was not properly advised as to what "lifetime supervision" entailed. *Id.* at 9. In Ground 5, petitioner alleged that his sentence was improperly enhanced with "lifetime supervision." *Id.*

Respondents filed a motion to dismiss the petition on October 26, 2009. (ECF No. 8). Petitioner filed a response (ECF No. 11) to which Respondents filed a reply (ECF No. 12). Petitioner filed a subsequent reply (ECF No. 13).

In an order, this Court found that Ground 1 failed to state a cognizable claim for ineffective assistance of counsel. (Order, Apr. 30, 2010, ECF No. 14 at 6). This Court further found that none of the issues in Grounds 3, 4 and 5 were presented to the Nevada Supreme Court in Petitioner's appeal from the denial of his state habeas petition and as such were unexhausted. *Id.* at 5. Moreover, the Court found that Petitioner failed to demonstrate good cause for a stay and abeyance to exhaust his previously unexhausted grounds. *Id.* at 7. As a result, this Court granted Respondents' motion to dismiss, denied Petitioner's motion for stay and abeyance, and denied Petitioner a certificate of appealability. *Id.* at 8.

Petitioner filed a Motion for Reconsideration on May 17, 2010. (Mot. for Recons., ECF No. 16). Respondents timely filed a response (Opp'n to Pet'r's Mot. for Recons., ECF No. 17) to which Petitioner filed a reply (Reply to the Opp'n to Pet'r's Mot. for Recons., ECF No. 18).

## II. LEGAL STANDARDS

### A. Ineffective Assistance of Counsel

If this Court interprets Petitioner's motion as a challenge to the finding as to Ground 1, he must meet both the strict standards set by *Strickland* and by 28 U.S.C. § 2254(d). *See Premo v. Moore*, No. 09-658, slip op. at 1, 562 U.S. ___ (Jan. 19, 2011).

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, *clearly established Federal law*, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2006) (emphasis added).

The relevant clearly established law in this case is the standard for ineffective assistance of counsel under the rule set in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Premo*, slip op. at 1. Under the *Strickland* rule, the defendant must show: 1) that counsel made errors so serious that he was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment; and 2) that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693.

The standard set by *Strickland* is highly deferential and meeting it is not an easy task. *See Harrington v. Richter*, No. 09-587, slip op. at 15–16, 562 U.S. ___ (Jan. 19, 2011). When *Strickland* and § 2254(d) both apply, it is doubly so. *Id.* "Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d)." *Id.* at 16. "When § 2254(d) applies, the question is not whether counsel's actions were reasonable." *Id.* "The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

B.     **Newly Discovered Evidence**

In this case, it appears that Petitioner is also moving for reconsideration under Federal Rule of Civil Procedure 60(b)(2). *See* (ECF No. 16 at 2) (referring to "Newly Discovered Evidence in the Form of DNA"). A court may relieve a party from a final judgment, order or proceeding "on motion and just terms" for specific enumerated reasons including "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)[.]" FED. R. CIV. P. 60(b)(2). "Rule 60(b) is the appropriate rule to invoke when one wishes a court to reconsider claims it has already decided." *Hamilton v. Newland*, 374 F.3d 822, 825 (9th Cir. 2004) (noting petitioner properly invoked one of the enumerated grounds under Rule 60(b) to challenge the federal court's denial of habeas relief).[2]

C.     **Exhaustion**

Where they are not inconsistent with statutory provisions or with the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure apply to proceedings under 28 U.S.C. § 2254.[3] RULES GOVERNING SEC. 2254 CASES IN THE U.S. DIST. COURTS 12; *see also* FED. R. CIV. P. 81(a)(4). In habeas corpus cases, application of the Federal Rules of Civil Procedure cannot be used to defeat the statutory requirement of exhaustion. *Pitchess v. Davis*, 421 U.S. 482, 489–90 (1975) ("Since the exhaustion requirement is statutorily codified, even if Rule 60[](b) could be read to apply to this situation it could not alter the statutory command."); *see also* 28 U.S.C. § 2254(b)(1)(A) (2006).

A district court must dismiss habeas petitions containing both exhausted and unexhausted claims "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

---

[2] Respondents argue that Rule 59(e) is applicable to this case. *See* (ECF No. 17 at 2). However, this is incorrect because Rule 59(e) applies to judgments and no judgment has been entered in this case. *See* FED. R. CIV. P. 59(e). Instead, Rule 60(b) which addresses orders, judgments, or proceedings applies. *See* FED. R. CIV. P. 60(b).

[3] In his motion for reconsideration and reply, Petitioner improperly cites various rules under the Federal Rules of Criminal Procedure. *See* (ECF No. 16 at 1–2); (ECF No. 18 at 3). This Court proceeds as if the proper Federal Rules of Civil Procedure were cited.

4

## III. ANALYSIS

### A. Ineffective Assistance of Counsel

In his opening motion, Petitioner argues that he received ineffective assistance of counsel as evidenced by counsel's failure to file a direct appeal or investigate and present "Newly Discovered Evidence in the Form of DNA." (ECF No. 16 at 3). He also argues that trial counsel coerced Petitioner into taking an *Alford* plea. *Id.*

In their opposition, Respondents argue that Petitioner still does not inform this Court what issues he would have appealed had a direct appeal been filed. (ECF No. 17 at 2). They further argue that in light of Petitioner's guilty plea, "conflicts in witness testimony fall well short of creating a cognizable issue. . . ." *Id.*

In reply, Petitioner repeats assertions that trial counsel should have never coerced him into taking an *Alford* plea, and should have submitted DNA evidence after a "complete investigation." (ECF No. 18 at 2).

The arguments presented are largely repetitious and do not rise to the doubly deferential standard required by *Strickland* and § 2254. Petitioner has still not alleged what issues he would have appealed had an appeal been filed or how the outcome of the proceedings would have been different. *See* (ECF No. 14 at 6). In short, he has failed to show a lack of any reasonable argument that trial counsel satisfied Strickland's deferential standard.

### B. Newly Discovered Evidence

In his opening motion, Petitioner claims to have "Newly Discovered Evidence in the Form of DNA."[4] (ECF No. 16 at 2). In their opposition, Respondents argue that the referenced DNA evidence is not supported with any details, and it is unclear that any of the claims in Petitioner's habeas petition involved DNA evidence. (ECF No. 17 at 2). Petitioner replies that DNA evidence is "one of the most important" forms of evidence which "cannot be disputed[.]" (ECF No. 18 at 2).

---

[4]Petitioner also asserts that had trial counsel performed adequately, the state would have dropped all charges except for possession of stolen property, to which Petitioner concedes. *See* (ECF No. 16 at 3). He also avers inconsistency in victim's testimony regarding Petitioner's race, but does not help this Court by citing to specific places in the record or explaining how this affects his case. *See id.* at 4. Moreover, he avers that trial counsel "stated that Petitioner Eduardo Licon has always maintained his innocence." (ECF No. 18 at 2).

Petitioner fails to identify what the alleged newly discovered DNA evidence is, how the DNA evidence affects his claims, and how it would affect the outcome in his case. Further, he argues that trial counsel should have "submitted this DNA [e]vidence" (ECF No. 18 at 2) implying that the evidence is not new but was available to trial counsel. It is possible that Petitioner is arguing that trial counsel would have had DNA evidence had a "complete investigation" been performed. However, Petitioner has failed to show that the alleged DNA evidence could have reasonably been discovered in time to move for a new trial as required by Rule 60(b)(2).

### C. Exhaustion

In his reply, Petitioner claims that he was "coerced into taking a plea deal that he did not want." (ECF No. 18 at 1). He then avers that trial counsel did not fully investigate his case and did not submit DNA evidence. *Id.* at 2. Petitioner also claims "many merits and grounds that were never presented in [c]ourt" as a consequence of his allegedly coerced *Alford* plea. *Id.* Petitioner requests reversal and remand to return to district court to present DNA evidence and other "merits and grounds." *Id.* at 3.[5]

Here, Petitioner appears to be arguing the merits of Ground 2 in his original petition. (ECF No. 1 at 5). However, to the extent that Petitioner wants this Court to reconsider the prior order in its entirety, he must exhaust all claims or amend his petition to present only exhausted claims. His failure to do so requires this Court to deny his petition.

### CONCLUSION

Petitioner has not met his burden to show ineffective assistance of counsel under *Strickland* and § 2254. Further, although he avers new evidence, Petitioner has not presented the evidence to this Court nor has he indicated how that evidence affects his claims. Moreover, Petitioner still presents both exhausted and unexhausted claims to this Court. Finally, Petitioner has still not shown good cause for why he failed to raise the unexhausted grounds during the

---

[5] Petitioner also claims entitlement to counsel "at every stage of the proceeding from initial appearance through appeal...." (ECF No. 18 at 3) (improperly citing FED. R. CRIM. P. 44(A)–(B)). However, there is no federal constitutional right to counsel in habeas corpus actions after the first appeal as of right in the state system. IRA P. ROBBINS, HABEAS CORPUS CHECKLISTS § 4:1 (2008–09) (noting, however, that there is a federal *statutory* right to counsel for federal and state death row inmates seeking habeas corpus relief).

state proceedings thus not providing any justification for stay and abeyance. In short, Petitioner's position is no different now than it was when the prior order was issued.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Reconsideration (ECF No. 16) is **DENIED.**

DATED: This  4th  day of February, 2011

_____
UNITED STATES DISTRICT JUDGE